UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LORI POULSON,

                Plaintiff,

      -against-

THE CITY OF NEW YORK and DETECTIVE
JEAN C. LOUIS, INDIVIDUALLY AND
AS A POLICE OFFICER OF THE NEW YORK
CITY POLICE DEPARTMENT,

                Defendants.
-----------------------------------------------------------------X

Index No.:

CV 13 - 3490

WEINSTEIN

REYES, M.J

**COMPLAINT AND JURY DEMAND**

Plaintiff, LORI POULSON, by and through hher attorney, ALEXANDER M. DUDELSON, ESQ., states as follows:

## INTRODUCTION

1. This is an action for the wrongful acts of defendants THE CITY OF NEW YORK and DETECTIVE JEAN C. LOUIS, INDIVIDUALLY, AND AS A POLICE OFFICER OF THE NEW YORK CITY POLICE DEPARTMENT, in violation of Plaintiff's rights secured by 42 U.S.C. Section 1983 and the Constitution and laws of the United States.

2. Plaintiff, LORI POULSON, alleges that beginning on or about May 3, 2012, defendants committed wrongful and illegal acts against plaintiff, including falsely arresting plaintiff, wrongly imprisoning plaintiff, intentionally and/or negligently inflicting severe emotional distress, and negligence in the hiring and retaining of incompetent and unfit officers

and employees, negligence in the training and instruction, and supervision of its officers, and violating Plaintiff's Constitutional and civil rights.

## JURISDICTION

3. This action is brought under 42 U.S.C section 1983 in conjunction with the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and the Constitutional, statutory and common laws of New York State.

4. Jurisdiction is invoked herein pursuant to the aforementioned statutory and Constitutional provisions pursuant to 28 U.S.C. Section 1331 and 1343, this being an action seeking to redress for the violation of the plaintiffs Constitutional and civil rights.

5. Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. Section 1391(b) in that the incident arose in the Eastern District of New York.

6. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

7. At all times relevant hereto, plaintiff LORI POULSON, was and is a citizen of the United States and resident of Kings County, in the City and State of New York.

8. At all times relevant hereto, defendant THE CITY OF NEW YORK was and is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named defendants.

9. At all times relevant hereto, DETECTIVE JEAN C. LOUIS, was at all times relevant to this action, a Detective employed by the New York City Police Department, and acting under the color of state law. Upon information and belief, DETECTIVE JEAN C. LOUIS was assigned to the 81st Precinct of the New York City Police Department, at the time of the occurrences alleged in this complaint. They are being sued in both his individual and official capacities.

10. At all times relevant hereto and in all their actions described herein, the defendants were acting under the color of the statutes, ordinances, regulations, policies, customs and usages of the New York City Police Department, and New York City, pursuant to their authority as employees, servants and agents of the New York City Police Department, within the scope of employment and incidental to their otherwise lawful duties and functions as agents, servants and employees.

11. At all times relevant hereto, the CITY OF NEW YORK was responsible for the training of its police officers, and more particularly, Defendants DETECTIVE JEAN C. LOUIS.

12. At all times relevant hereto, the defendant CITY OF NEW YORK was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and employees of the New York City Police Department.

13. At all times mentioned herein, the defendant CITY OF NEW YORK, knew of or should have known of the bias, bad judgment, abusive and violent tendencies and other unlawful propensities of the officers involved in the violation of civil rights, false arrest, false imprisonment, malicious prosecution, intentional and/or negligent infliction of emotional distress of plaintiff LORI POULSON.

14. The conduct and injuries complained of herein ensued without any negligent or culpable conduct on the part of the plaintiff DETECTIVE JEAN C. LOUIS.

## CONDITIONS PRECEDENT

15. On or about May 4, 2012, Plaintiff's Notice of Claim was duly filed with the Comptroller's Officer of the City of New York; said Notice was filed within (90) days after the causes of the action accrued. More than (30) days have elapsed since the filing of said notice and this matter has not been settled or otherwise disposed of.

16. That plaintiff TYRONE GAUSE and/or his attorney were served with a Notice for a 50-H hearing on August 1, 2012.

17. On or about August 29, 2012, a 50-H hearing in the matter of the Claim of LORI POULSON against THE CITY OF NEW YORK AND THE NEW YORK POLICE

DEPARTMENT was held at the office of Jeffrey Samel & Partners, 150 Broadway, New York, New York 10038

18. Plaintiff LORI POULSON has duly complied with all of the conditions precedent to the commencement of this cause of action under the circumstances as set forth above.

## FACTUAL BACKGROUND

19. At all times relevant to this action, Plaintiff LORI POULSON resided at 249 Thomas S. Boylan Street, Brooklyn, New York.

20. On or about April 20, 2012, the Plaintiff resided with Walter DeBerry at 547 Madison Street, Brooklyn, New York.

21. On or about April 20, 2012, the Plaintiff was assaulted by Walter DeBerry at 547 Madison Street, Brooklyn, New York.

22. On April 20, 2012, Walter DeBerry was arrested by Police Officers from the 81st Precinct.

23. After the arrest of Walter DeBerry, the Officers from the 81st Precinct assisted the Plaintiff with the removal of some of her belongings located at 547 Madison Street, Brooklyn, New York.

24. On April 21, 2012, Walter DeBerry was arraigned in the Criminal Court, County of Kings, on a complaint alleging the following the following offenses: 1) Assault in the Third Degree in violation of Penal Law § 120.00(1); Criminal Mischief in the Fourth Degree in

violation of Penal Law § 145.00(1); Petit Larceny in violation of Penal Law § 155.25; Attempted Assault in the Third Degree in violation of Penal Law § 110/120.00(1); Menacing in the Third Degree in violation of Penal Law § 120.15; and Harassment in the Second Degree in violation of Penal Law § 240.26(1).

25. That Walter DeBerry was released on his own recognizance on April 21, 2012.

26. Upon information and belief, from April 21, 2012 through May 2, 2012, Walter DeBerry made a series of reports to New York Police Department, 81st Precinct, that Plaintiff removed his iPad from his residence located at 547 Madison Street, Brooklyn, New York.

27. Upon information and belief, the Officers and Detectives of the 81st Precinct advised Walter DeBerry that no action would be taken on the complaint and that he should file a proceeding in the civil court.

28. Upon information and belief, Walter DeBerry advised Defendant DETECTIVE JEAN C. LOUIS that he would file a disciplinary complaint with Internal Affairs if Plaintiff was not arrested.

29. On or about May 2, 2012, Defendant DETECTIVE JEAN C. LOUIS contacted the Plaintiff and advised her that she would need to surrender to the 81st Precinct.

30. That the Plaintiff advised DETECTIVE JEAN C. LOUIS that Walter DeBerry was arrested on April 20, 2012 for assaulting the Plaintiff.

31. That Plaintiff advised DETECTIVE JEAN C. LOUIS that Walter DeBerry was arrested by the Officers of the 81st Precinct.

32. That Plaintiff advised DETECTIVE JEAN C. LOUIS that the Walter DeBerry's false report was in retaliation for his arrest.

33. That DETECTIVE JEAN C. LOUIS advised the Plaintiff that he would write up a desk appearance ticket so that the Plaintiff would not have to be imprisoned pending her arraignment.

34. Upon surrendering to the 81st precinct, DETECTIVE JEAN C. LOUIS wrote up an arrest report for domestic violence.

34. That DETECTIVE JEAN C. LOUIS advised the Plaintiff that she was not eligible for a Desk Appearance Ticket.

35. That DETECTIVE JEAN C. LOUIS handcuffed the Plaintiff to a wall in the Precinct.

36. That the Plaintiff was transported to Central Booking and remained at Central Booking until her arraignment.

37. That the Plaintiff was arraigned in the Criminal Court, County of Kings on May 4, 2012 on a complaint alleging that the Plaintiff committed the following offenses: Petit Larceny in violation of Penal Law § 155.25; and Criminal Possession of Stolen Property in the Fifth Degree in violation of Penal Law § 165.40.

38. The Plaintiff was released on her own recognizance and the criminal proceeding was adjourned to July 12, 2012.

39. That the Office of the District Attorney, County of Kings, dismissed the complaint before the July 12, 2012 appearance.

40. As a direct and proximate result of the action of the Defendant's NEW YORK POLICE DEPARTMENT and DETECTIVE JEAN C. LOUIS, Plaintiff LORI POULSON suffers from emotional distress.

41. As a direct and proximate result of the actions of the Defendants, Plaintiff LORI POULSON was falsely arrested without justification for the aforementioned charges, all of which Plaintiff is wholly innocent of, in addition to causing the Plaintiff to be imprisoned for approximately twenty-four hours.

42. Defendant DETECTIVE JEAN C. LOUIS acted with malice in arresting Plaintiff LORI POULSON on false charges and causing the plaintiff to be prosecuted on charges the Defendants know are false.

43. Defendant DETECTIVE JEAN C. LOUIS brought charges against Plaintiff LORI POULSON and purposely misused his Police powers and the courts to arrest, harass, intimidate, imprison and prosecute Plaintiff for criminal charges in an effort to immunize themselves for their unlawful, unconstitutional arrest of Plaintiff.

44. To date, as a direct and proximate result of defendants actions, Plaintiff LORI POULSON has suffered the loss of her liberty, and continues to suffer emotional pain, permanent damage to her good name, shame, degradation, humiliation, indignity, stress, loss of personal security and liberty, serious mental anguish, psychological and emotional distress, and various other psychological injuries.

45. As a direct and proximate result of defendant's actions, Plaintiff LORI POULSON was arrested and detained for a time amounting to a period lasting approximately twenty-four hours for criminal charges without just cause.

46. As a direct and proximate cause of defendant's actions, Plaintiff LORI POULSON was deprived of her rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to United States Constitution and the laws of the State of New York.

47. Defendant CITY OF NEW YORK, as a matter of policy and practice, has with deliberate indifference failed to adequately discipline, train or otherwise direct Police Officers, including the defendant Police officers, with regard to the rights of residents, citizens, and visitors to the United States of America, thereby causing the defendant officer in this case to engage in unlawful conduct described above.

48. Defendant CITY OF NEW YORK, as a matter or policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers, including the defendants in this case, for violations of the constitutional rights of the person within its domain,

thereby causing police, including defendants in this case, to engage in the unlawful conduct described above.

49. Defendant CITY OF NEW YORK, in its policies and practices, has with deliberate indifference, failed to follow procedures for supervising and removing, when appropriate, unstable, malicious, violent, abusive, dishonest and biased Police Officers from there duties

50. Defendant CITY NEW YORK, and the New York City Police Department, knew or should have known that prior to May 3, 2012, the perpetration of unlawful arrests, the use of excessive force, the commission of perjury and other malicious, violent and inappropriate unlawful acts by defendant officers were occurring, in that it believed that there may have been complaints of such unlawful conduct by these particular officers, but defendant CITY OF NEW YORK failed to take appropriate steps to eliminate such unlawful acts.

### FIRST CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS: DEPRIVATION OF LIBERTY BY FALSE ARREST, FALSE IMPRISONMENT
( Defendant DETECTIVE JEAN C. LOUIS)

51. Plaintiff repeats and realleges the allegations contained in paragraphs 1-50 of this complaint as though fully set forth therein.

52. The actions of defendant DETECTIVE JEAN C. LOUIS, and acting under the color of state law, deprived plaintiff LORI POULSON of her rights, privileges and immunities under the laws of the Constitution of the United States of America, in particular, the rights to

liberty, to be secure in his person and property, to due process under the law, and the concomitant rights to be free from false arrest, false imprisonment and the intentional and/or negligent infliction of emotional distress.

53. By these actions, the individual defendant has deprived plaintiff LORI POULSON of his rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983, for which defendant is individually liable.

54. As a result of the foregoing, plaintiff LORI POULSON was deprived of liberty, sustained great emotional injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

### SECOND CLAIM: VIOLATION OF CONSTITUTIONAL RIGHTS
(Defendant CITY OF NEW YORK)

55. Plaintiff repeats and realleges the allegations contained in paragraphs 1-54 of this complaint and though fully set forth therein.

56. At all times material to this complaint, defendant CITY OF NEW YORK, acting through its police department, the New York City Police Department, has in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant officers.

57. These policies, practices and customs include, inter alia, making arrests, charging the plaintiff with two (2) Counts under the New York Penal Law in an attempt to cover up their wrongdoing.

58. Upon information and belief, defendant CITY OF NEW YORK, failed to effectively screen, hire, train, supervise and discipline its detectives, sergeants, officers and other employees, including the defendant detectives, sergeant and employees herein, with respect to their propensity to use their police power in an unduly aggressive and violent manner, and to have a propensity to use excessive force in executing their police duties, and for their failure to protect citizens from unconstitutional conduct of other detective, sergeants and employees, thereby permitting and allowing the defendant detectives, officers, sergeants and employees herein to be in a position to maliciously assault and batter the plaintiff, without cause or justification, in a demonstration of the excessive force in effecting the arrest of plaintiff LORI POULSON, that was so clearly grossly disproportionate under the circumstances, that it amounted to an abuse of official power that shocks the conscience, and to otherwise cause them injury and violate their constitutional rights, and/ or permit these actions to take place with their knowledge and/or consent.

59. Upon information and belief, defendant CITY OF NEW YORK maintained an inadequate structure for risk containment and stress management relative to its detectives, sergeants, officers and employees, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of detective, sergeants, officers and employees and thereafter during their employment, in its ability to evaluate and exchange information within the command structure of the police department about

the performance of individual detectives, sergeants, officers and employees; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer or employee; and in its ability to otherwise put the command and/or staff structure on notice that an individual or individuals were at significant levels of risk to the public at large. The effect of this was to permit detectives, sergeants, officers and employees to function at levels of significant and substantial risk to the public in general.

60. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as detectives, sergeants, officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff therein.

61. The acts of defendant CITY OF NEW YORK as set forth above in paragraphs 1-60 deprived plaintiff LORI POULSON of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the rights to be secure in her person and property, to due process under the law, and the right to be free from unlawful seizure, false arrest and false imprisonment, and from assault and battery, the excessive use of physical force

intended to cause physical injury, and the intentional and/or negligent infliction of emotional distress.

62. The acts and conduct of defendant CITY OF NEW YORK as set forth above in paragraphs 1-61 deprived plaintiff LORI POULSON of her rights, privileges and immunities under the laws and Constitution of the United States; in particular the right to be free from the intentional and/or negligent infliction of emotional distress.

63. By these actions, defendant CITY OF NEW YORK has deprived plaintiff LORI POULSON of rights secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

64. As a result of the foregoing, plaintiff sustained physical injuries, great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

### THIRD CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS
(All Defendants)

65. Plaintiff repeats and realleges the allegations contained in paragraphs 1-64 of this complaint and though fully set forth therein.

66. Defendants CITY OF NEW YORK, DETECTIVE JEAN C. LOUIS and Officers identities that are currently unknown, under the color of the law, conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass and intimidate plaintiff LORI POULSON, denying him free exercise and enjoyment of the rights and privileges and equal

protection of the law secured to him by the Constitution, including the rights to be free from excessive force.

63.     The aforementioned defendants, under the color of the law, conspired with each other to undertake a course of conduct to bear false witness and/or to bear false testimony and/or to produce false evidence in an effort, in violation of plaintiff LORI POULSON'S constitutional rights including the right to due process, to have plaintiff wrongfully prosecuted for a crime that he did not commit.

## FOURTH CLAIM: NEGLIGENCE UNDER THE LAWS OF THE STATE OF NEW YORK
(All Defendants)

64.     Plaintiff repeats and realleges the allegations contained in paragraphs 1- 63 of this complaint as through fully set forth herein.

65.     The injuries incurred by plaintiff LORI POULSON were due to the negligence of the defendant DETECTIVE JEAN C. LOUIS and the City of New York.

66.     As a result of the foregoing, plaintiff sustained great emotional injuries, was subjected to extreme humiliation, and were otherwise harmed, damaged and injured.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff TYRONE GAUSE requests the following relief jointly and severally as against all of the Defendants:

1.     Award compensatory damages in an amount to be determined at trial;

2.     Award punitive damages in an amount to be determined at trial;

3.     Disbursements, costs and attorney's fees; and

4. For such other further relief that this court may deep just and proper under the circumstances.

PLAINTIFF DEMANDS TRIAL BY JURY

Dated: Brooklyn, New York
June 18, 2013

*/s/*

ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff, Lori Poulson*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100